UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JONATHAN MENA

                                      Plaintiff,

            -against-

THE CITY OF NEW YORK, *et al.*,

                                  Defendants.

**DECLARATION OF KIMBERLEY JOHNSON IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

12 Civ. 0028 (CM)

------------------------------------------------------------------x

           **KIMBERLEY JOHNSON**, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

           1.     I am employed by the New York City Department of Correction ("DOC") as Inmate Grievance Resolution Program ("IGRP") Field Investigator, and have held that position since March 2009. I have been employed by DOC since March 3, 2003 and previously held the positions of Legal Coordinator and Grievance Supervisor. As such, I am familiar with the inmate grievance procedures and records at Rikers Island.

           2.     I base this declaration on my personal knowledge and review of records maintained by DOC.

           3.     I submit this declaration in support of Defendants' motion for summary judgment.

**Directive 3375R-A**

           4.     A true and correct copy of Directive 3375R-A is annexed hereto as Exhibit A, which was in effect at all DOC facilities at all times relevant to this lawsuit.

           5.     Directive 3375R-A codifies DOC's grievance process, known as Inmate Grievance Review Program ("IGRP").

6. The IGRP describes, inter alia, the required steps and timeframes to be used by inmates in pursuing their grievances and exhausting their administrative remedies.

7. It is available online http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf

8. In summary, the IGRP requires that the inmate file a grievance in order to find a "resolution of an issue relating to aspects of his/her confinement." An inmate who receives no response to a grievance is required to request a hearing, and must do so using Form #7101R, if he wishes to proceed. See id. at § IV.B.1.d.

9. After these initial two steps, the next steps in the process are appeals to the commanding officer (usually the warden), then to the Central Office Review Committee ("CORC") and finally to the New York City Board of Corrections. Id. at §§ I.C; IV.B.2; IV.B.3; IV.B.4.

10. Inmates who do not receive a response at any point in the process have the option of granting DOC an extension of time, or appealing and proceeding to the next level if they wish to pursue their grievance. Id. at § IV.C.6.

Dated: New York, New York
November 18, 2013

_____
KIMBERLEY JOHNSON